UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC POGUE,

          Plaintiff,

v.                                                          Case No. 24-cv-11134
                                                            Honorable Linda V. Parker

OAKLAND UNIVERSITY and
ASHLEY STONE,

          Defendants.
_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION
TO STAY SUMMARY JUDGMENT BRIEFING (ECF NO. 24) AND
DENYING AS MOOT PLAINTIFF'S MOTION FOR EXTENSION OF
TIME TO FILE A RESPONSE (ECF NO. 31)**

On March 29, 2024, Plaintiff Eric Pogue initiated this lawsuit against his

former employer, Oakland University ("OU"), and his former supervisor and OU's

Sports Administrator, Ashley Stone, (collectively, "Defendants"), claiming that he

was terminated because of discriminatory and retaliatory animus based on his

disability in violation of the American Disabilities Act, Rehabilitation Act, and the

First and Fourteenth Amendments. (*See* ECF No. 8.) Presently before the Court is

Mr. Pogue's motion to stay summary judgment briefing pending Magistrate Judge

Kimberly G. Altman's ruling on his motion to compel. (ECF No. 24; *see also* ECF

No. 20.) Since Mr. Pogue filed the instant motion, Magistrate Judge Altman has

not ruled on Mr. Pogue's motion to compel and, on March 28, 2025, Defendants

1

filed a motion for summary judgment.  (ECF No. 27.)  On April 15, 2025, Mr.

Pogue also filed a motion for a two-week extension to respond to Defendants'

motion for summary judgment.[1]  (ECF No. 31.)

Generally, the Court has broad discretion over its dockets and the discovery

process, including modification of a scheduling order.  *See Pittman v. Experian*

*Info. Sols., Inc.*, 901 F.3d 619, 642 (6th Cir. 2018) (citation omitted); Fed. R. Civ.

P. 16(b)(4).  Rule 16 of the Federal Rules of Civil Procedure provides that a

scheduling order "may be modified only for good cause and with the judge's

consent."  Fed. R. Civ. P. 16(b)(4).  When deciding whether to modify a case's

schedule, the Court must also evaluate any potential prejudice to the nonmoving

party.[2]  *See Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003).

Mr. Pogue argues that there is good cause to extend the dispositive motion

deadline because his pending motion to compel seeks critical evidence from

Defendants that will "materially affect the evidentiary landscape upon which

summary judgment arguments will rely."  (ECF No. 24 at Pg ID 961.)  In his

---

[1] For the reasons stated herein and the Court's ruling on the instant motion, Mr. Pogue's motion for a two-week extension is moot.

[2] Defendants suggest that the Court review Plaintiff's motion under Federal Rule of Civil Procedure 56(d) and its relevant factors because Defendants have filed their motion for summary judgment.  (ECF No. 29 at Pg ID 1877.)  While some of the factors under Federal Rule of Civil Procedure 56(d) may be relevant to the Court's analysis of Federal Rule of Civil Procedure 16, Federal Rule of Civil Procedure 56(d) is inapplicable here.

motion to compel, Mr. Pogue seeks to compel Defendants' production of all the student-athlete surveys for all OU head coaches who were under the direction of the school's Director of Athletics for the 2018 through 2024 academic school years. (ECF No. 20 at Pg ID 251.) Mr. Pogue maintains that production of the surveys is necessary to help him establish that there was pretext for his termination. (ECF No. 24 at Pg ID 955.) According to Mr. Pogue, his termination was based, in part, on student-athlete surveys (*id*. at Pg ID 958)–which Defendants acknowledge (*see, e.g.*, ECF No. 27 at Pg ID 1139)–and production of that data will be useful for comparing his performance to similarly situated coaches and determining if he was selectively targeted by Defendants (*see* ECF No. 20 at Pg ID 271).

Defendants oppose Plaintiff's motion for two reasons. First, Defendants argue that they "ought not have to bear [the] burden [of preparing a second summary judgment motion and additional declarations] because of Plaintiff's neglect." (ECF No. 29 at Pg ID 1881.) Defendants maintain that Plaintiff's delay in filing the motion to compel was a "tactical decision" (ECF No. 29 at Pg ID 1880), and granting the motion to stay will only further prejudice Defendants "who reasonably relied on the deadlines set forth in this Court's scheduling order and incurred significant costs" to do so (*Id*. at Pg ID 1881.)

3

Second, Defendants maintain that the dispositive motion deadline should not be extended because the surveys that Plaintiff seeks in his motion to compel will hinge on the Court's determination of "whether the other coaches are 'similarly situated' to Plaintiff." (*Id*. at Pg ID 1882-83.) According to Defendants, even if the surveys are relevant to this point, the "surveys alone cannot establish that" there were "no differentiating or mitigating circumstances" distinguishing Plaintiff from other coaches and justifying differential treatment by Defendants. (*Id*. at Pg ID 1883.)

As a threshold matter, the Court notes that the arguments Defendants raise in their response echo the issues at the center of Plaintiff's motion to compel. Arguments regarding the timeliness of the motion to compel and whether the surveys are discoverable and relevant to Mr. Pogue's claims are issues that this Court has referred to Magistrate Judge Altman. Magistrate Judge Altman's ruling on these issues and the motion to compel remain to be seen. The Court's opinion on these matters–even for purposes of ruling on the instant motion–would be premature and inappropriate. *See* 28 U.S.C. § 636(b)(1)(A) (providing that a district court can reconsider any pretrial matter decided by a magistrate judge where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law).

The Court finds that there is good cause to grant the stay and extend the current dispositive motion briefing schedule because any discoverable and relevant evidence should be produced before summary judgment briefing proceeds further and Mr. Pogue is precluded from filing his own dispositive motion.  The Court recognizes that Defendants have spent time and resources preparing and filing their summary judgment motion.  However, any prejudice to Defendants caused by a brief stay of the summary judgment briefing schedule and extension of the dispositive motion deadline does not outweigh the need for a fair and efficient proceeding.

Accordingly,

**IT IS ORDERED** that Mr. Pogue's motion to stay summary judgment briefing (ECF No. 24) is **GRANTED**.

**IT IS FURTHER ORDERED** that new deadlines regarding the dispositive motion schedule (i.e., a new dispositive motion deadline and deadline for Mr. Pogue to respond to Defendants' pending summary judgment motion) will be issued after the magistrate judge's ruling on Mr. Pogue's motion to compel (ECF No. 20).

**IT IS FURTHER ORDERED** that Mr. Pogue's motion to extend the deadline to respond to Defendants' motion for summary judgment (ECF No. 31) is

**DENIED AS MOOT**.

s/ Linda V. Parker
LINDA  V. PARKER
U.S. DISTRICT JUDGE

Dated: April 16, 2025